IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EULALIA LALA RODRIGUEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | |
| Acting Commissioner of | : | |
| Social Security[1] | : | NO. 12-812 |

## ORDER

AND NOW, this 4th day of October, 2013, upon consideration of our August 13, 2012 Order to refer this matter to the Honorable Lynne A. Sitarski in accordance with the procedure for the random assignment of Social Security cases, Local Rule 72.1, and 28 U.S.C. §636(b)(1)(B) (docket entry #14); after careful and independent review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (docket entry #18) which recommends that plaintiff's request for review be denied, and plaintiff's objections to the Report and Recommendation (R&R), and the Court finding that:

(a) Rodriguez's request for review under 42 U.S.C. §405(g) is before us for a second time, R&R at 1-2;

(b) Rodriguez originally applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on July 27, 2006, alleging that she had been disabled since July

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013 and accordingly is substituted as defendant pursuant to Fed. R. Civ. P. 25(d)(1).

12, 2006 due to high blood pressure, anxiety, depression and panic attacks, Report and Recommendation I, dated April 10, 2010 (R&R I) (docket entry # 8, Exhibit 10 at 9);

(c) After Rodriguez's application was denied, an Administrative Law Judge (ALJ) held a hearing at which she was represented, and he determined in a October 20, 2008 decision that Rodriguez was insured for disability benefits through December 31, 2007 but was not entitled to DIB or SSI; additionally, he found she was capable of performing a significant number of jobs that exist in the national economy, id., a decision she appealed on March 23, 2009, id.;

(d) At the conclusion of the prior proceeding, C.A. No. 09-1249, we approved and adopted Judge Sitarski's Report and Recommendation, agreeing with her conclusion that the ALJ had failed to make comprehensive findings with regard to the plaintiff's alleged mental impairments and remanding for further proceedings consistent with Judge Sitarski's conclusions, June 29, 2010 Order (docket entry # 8, Exhibit 10 at 6);

(e) The prior Report also noted, because the ALJ had relied upon and applied "substantial weight" to the opinion of a state agency psychological consultant even though that consultant had not examined Rodriguez and was not aware of her

medical history, id. at 22 and 23, the ALJ should order a consultative examination if additional medical records, referred to in the prior hearing, failed to provide sufficient clarification on remand regarding the plaintiff's medical history and treatment, id. at 25;

    (f)  On remand, the case was assigned to the same ALJ who again issued an unfavorable decision, R&R at 2;

    (g)  Pursuant to our remand order, the ALJ subpoenaed all available medical records from the Crisis Center treating Rodriguez because he found that the records presented in the first proceeding erroneously referred to a hospital visit in December, 2007 instead of the prior year, docket entry # 8, Exhibit 9 at 26;

    (h)  The ALJ found that the additional records obtained on remand provided sufficient clarification to support a decision on the claim without requiring a consultative examination, id., and, as to opinion evidence, he again gave significant weight only to the prior opinion of the non-consulting state agency psychologist, id. at 37;

    (i)  The ALJ issued a decision on April 28, 2011, concluding that based on her application for SSI filed on July 12, 2006, Rodriguez is not disabled, id. at 40, and the Appeals

3

Council found no reason to set that decision aside, R&R at 3;

(j) Rodriguez argues that the ALJ erred in four ways: (1) by relying on the opinion of the non-examining psychological consultant; (2) by rejecting a Residual Functional Capacity[2] (RFC) assessment completed by a social worker under the apparent approval of Rodriguez's treating physician; (3) by failing to order a consultative examination when the additional medical records failed to provide sufficient clarification; and (4) by failing to credit the testimony of Rodriguez's daughter concerning the plaintiff's frequent panic attacks, docket entry # 9 at 3-4;

(k) Judge Sitarski found that the ALJ's April 28, 2011 decision was supported by substantial evidence, docket entry # 18;

(l) In her R&R, Judge Sitarski found that the ALJ applied the five-step sequential evaluation process to determine whether Rodriguez is under a disability, pursuant to 20 C.F.R. §416.920(a)(4),[3] concluding the record did not support a finding

---

[2] "Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000) (internal quotations omitted).

[3] The evaluation process is as follow:

4

that either her medical or her mental impairments met the listing of impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, R&R at 5-6, and that Rodriguez could perform light work subject to certain physical limitations, id. at 6;

(m) We turn to Judge Sitarski's conclusions about the four errors Rodriguez alleges in her brief;

(n) Regarding the "significant weight" placed on the state agency psychologist, Judge Sitarski concluded the ALJ's reiterated reliance was not error because the ALJ also had the

---

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he [or she] is not, then the Commissioner considers in the second step whether the claimant has a "severe impairment" that significantly limits his [or her] physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of the impairment listed in the "listing of impairments," . . . which results in a presumption of disability, or whether the claimant retains the capacity for work. If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the residual functional capacity to perform his [or her] past work. If the claimant cannot perform his [or her] past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform.

Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000); see also 20 C.F.R. §§ 404.1520, 416.920.

5

expanded medical record at hand, including both the hospital records from December 2006 and from her mental-health treatment from April 28, 2008 to September 8, 2010, which collectively permitted a conclusion that Rodriguez's mental impairments were not so severe as to preclude her doing light work, id. at 8;

(o) Judge Sitarski also found that it was within the ALJ's discretion, as the finder of fact, to reject the social worker's assessment that Rodriguez suffered "very serious impairments in her overall functioning," because (1) the social worker was likely not an "acceptable medical source" under 20 C.F.R. 404.1513(a) and (2) the ALJ concluded the social worker's opinion was not supported by the objective medical evidence, id. at 9;

(p) Judge Sitarski also rejected Rodriguez's third contention: as the expanded medical record was sufficient to support a decision and included mental-health treatment notes that failed to demonstrate any mental impairment that affected Rodriguez's RFC, it obviated the need for a consultative examination, id. at 10;

(q) And finally, with respect the ALJ's credibility assessment of Rodriguez's daughter's testimony that the plaintiff's panic attacks interfered with her ability to cook

and watch her grandson, Judge Sitarski found that the ALJ was within his discretion to find that this testimony was contradicted by the objective medical evidence, id.;

(r) A reviewing court is to determine only whether the ALJ's findings are supported by substantial evidence, 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005);

(s) Rodriguez's objections to Judge Sitarski's report can be briefly summarized as follows:

> (1) Judge Sitarski's report ignores this Court's prior decision that the state agency psychologist's opinion was not substantial evidence;
>
> (2) The report did not address Rodriguez's arguments that the ALJ should have investigated whether the social worker's report was a "treating psychologist" report and that the ALJ should have explained why he did not consider it, according to the standard set by SSR 06-03p;
>
> (3) The report erred in stating that Rodriguez had not identified any medical records the ALJ had failed to subpoena, when the manifest issue is that Rodriguez was not sure of treatment dates and therefore the ALJ should have sought "all the records;"
>
> (4) The report fails to address the ALJ's cherry-picking of positive medical notes from the treatment record, rather than his failure to order a consultative examination to do a balance review;
> And

>   (5) The report fails to address the ALJ's misstatement of Rodriguez's daughter's testimony because there was evidence in the record that Rodriguez had suffered pan attacks in the past.

(docket entry # 19);

(t) Rodriguez asks, however, for only two remedies: that the matter be remanded with instructions that the ALJ not rely on the opinion of the state agency psychologist and to obtain either "a clean opinion from the treating psychiatrist" or a consultative examination, id. at 17, which we will decline to grant for the reasons set forth below;

(u) When objections are filed to a magistrate judge's report and recommendation, we must make a de novo determination of those portions of the report, findings, or recommendations made the magistrate judge made to which there are objections. See 28 U.S.C. §636(b)(1); see also Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania;

(v) As to her first objection, Rodriguez misreads this Court's prior conclusions with respect to the state agency psychologist: As Judge Sitarski's first report stated, the ALJ should first make further efforts to obtain additional and clarifying information from Rodriguez's treatment sources, and

only if the additional records failed to provide sufficient clarification of Rodriguez's condition, order a consultative examination, R&R I, docket entry # 8, Exhibit 10 at 17;

(w) Rodriguez's second objection essentially asks us to impermissibly second-guess the weight given to different medical sources before the ALJ;

(x) The ALJ, as the finder of fact, noted the social-worker's conclusions but gave "significant weight" not only to the state agency psychologist but to the medical records obtained by subpoena, see docket entry # 8, Exhibit 9 at 37, as he is empowered to do, and we are bound by those findings because the evidence in the record is substantial, Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999);

(y) Rodriguez's third objection is almost unanswerable: Because her memory of her own treatment is unreliable, she asks the Court to engage in a full-scale fishing expedition, a step we will not take when the ALJ's subpoena already produced several years of pertinent medical records;

(z) In objecting, fourth, to the ALJ's weighting of the record, Rodriguez again asks us impermissibly make our own assessment about the factual record assessment, but contradictory evidence in the record is not cause for reversing

9

the ALJ's decision if substantial support exists for the decision within the record, Sykes, 228 F.3d at 262;

(aa) Even if we would have decided the case differently, we may not re-weigh the evidence but must affirm the ALJ's credibility determinations if substantial evidence supports them, Monsour Med. Ctr. V. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986);

(bb) Again, because ALJ subpoenaed records of Rodriguez's December 2006 treatment-center visit and her subsequent mental-health treatment records in 2008 and 2010, on which he relied, docket entry # 8, Exhibit 9, and the scope of our review is limited to determining whether substantial evidence exists in the record to support the ALJ's decision, Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 431 (3d Cir. 1999), we agree with Judge Sitarski that the ALJ's decision was supported by substantial evidence; and

(cc) Finally, with respect to Rodriguez's fifth objection: an ALJ may consider any other information along with the claimant's own statements, the medical evidence, the claimant's medical treatment history, and findings by state agency or other program physicians, 20 C.F.R. §404.1529(c)--but the ALJ is empowered to evaluate a claimant's credibility, see

10

Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983), and we may not second-guess that finding;

It is hereby ORDERED that:

1. Rodriguez's objections (docket entry # 19) are OVERRULED;

2. Judge Sitarsky's June 14, 2013 report and recommendation (docket entry # 18) is APPROVED and ADOPTED; and

3. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.